LAY, Chief Judge.
On December 30, 1985, the bankruptcy court[1] issued an injunction against the State of West Virginia under the automatic stay provisions of 11 U.S.C. § 362(a)(4). The district court[2] affirmed on August 22, 1986, 64 B.R. 694. The injunction is now hereby ordered dissolved.
We take this action based upon 11 U.S.C. § 362(c)(1), which reads as follows: “[T]he stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate[.]” In light of the circumstances discussed below, the subject property, a coal-washing facility in West Virginia, is no longer “property of the estate” under section 362.
At the time the bankruptcy proceedings were opened in 1983, appellees Barbara C. Jeffries and Melvin P. Ketter were secured creditors of the bankruptcy debtors, with a security interest in the coal-washing facility. With the approval of the bankruptcy court, Jeffries and Ketter foreclosed on the property in October of 1985, purchased it, and took legal title. At the time they did so, the State of West Virginia was re-
strained from proceeding in state court to obtain and effect a writ of attachment on the property.[3] The federal district court granted West Virginia permission to proceed to judgment in state court to perfect the lien asserted, but because of the automatic stay provisions in effect under federal bankruptcy law, the bankruptcy court barred the State from executing a writ of attachment on the judgment. The bankruptcy proceedings eventually were closed in January of 1987, when no plan of reorganization had been submitted.
The State of West Virginia did not attempt to proceed in bankruptcy court to set aside the stay. Instead, the State asserts that it had a right under its police power to perfect a lien in state court, unencumbered by any bankruptcy court order. But see In re Napco Graphic Arts, Inc., 51 B.R. 757, 765 (Bankr. E.D.Wis.1985) (state seeking to collect employee wage claims against estate not exempt from automatic stay; relief from stay denied).
In view of our order dissolving the injunction, we need not pass upon this legal argument. By this order of dissolution, we do not in any way adjudicate the right of the State of West Virginia to assert the security interest it now claims. Our order is entered without prejudice to any further action by the State of West Virginia either to move to reopen the bankruptcy proceedings or to proceed in any other forum in which it might assert jurisdiction to pursue its alleged rights.
The injunction issued by the bankruptcy court and as affirmed by the district court is hereby ordered dissolved. Each party is to pay its own costs.

. The Honorable Joel Pelofsky, United States Bankruptcy Judge for the Western District of Missouri, presiding.

. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri, presiding.

. The State was seeking to protect workers not paid by the bankruptcy estate, which operated the facility for a few months in 1983.